**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DWAYNE E. JOHNSON**                                                                            **PLAINTIFF**

V.                             5:12CV00131 DPM/JTR

**ED ADAMS, Captain,
Brassell Detention Center**                                              **DEFENDANT**

**ORDER**

Plaintiff, Dwayne Johnson, is a pretrial detainee who is proceeding *pro se* in this § 1983 action. He has recently filed several non-dispositive Motions, which the Court will address separately.

**I. Plaintiff's Discovery Motions**

Plaintiff has filed a "Determination of Motion to Suppress Evidence," a "Motion to Produce," and a "Motion for Discovery." *See* docket entries #16, #18, and #19. In those pleadings, Plaintiff asks Defendant to produce various documents, surveillance video footage, and other information. However, none of the documents contain a certificate of service or otherwise indicate whether Plaintiff sent his discovery requests to Defendant, prior to seeking Court intervention.

Federal Rule of Civil Procedure 5(d) provides that all discovery requests and resposes, along with a certificate of service, must be *mailed directly to opposing*

*counsel*, and *not* filed in the record. If Defendant does not timely or properly respond to written discovery, Plaintiff must first, in good faith, attempt to resolve his discovery disputes with him. *See* Fed. R. Civ. P. 33, 34, 36, and 37; Local Rule 7.2(g). Only after Plaintiff has been unsuccessful in doing so, may he then file a Motion to Compel with the Court. Accordingly, Plaintiff's discovery Motions are denied as premature, and the Clerk will be directed to refrain from docketing any future discovery from him.

## II. Plaintiff's Motion to Amend the Complaint

Plaintiff has filed a Motion seeking permission to add a claim that BDC officers are punishing him and harassing his family members in retaliation for him filing this lawsuit. *See* docket entry #17.

It is well settled that a prisoner must have exhausted his administrative remedies as to each and *every* claim *prior* to commencing his lawsuit in federal court. *See* 28 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). The alleged retaliatory acts occurred *after* Plaintiff filed this lawsuit on April 12, 2012.

Thus, if Plaintiff wishes to pursue his retaliation claims, he must: (1) fully and properly exhaust his administrative remedies at the BDC; and (2) file a *new* § 1983 action raising that claim. Accordingly, Plaintiff's request to amend the Complaint to

add a retaliation claim is denied. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding that a court may deny a plaintiff's motion to amend the complaint when such amendment would be futile); *In re Senior Cottages of America, LLC,* 482 F.3d 997, 1001 (8th Cir. 2007) (same).

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Discovery Motions (docket entries #16, #18, and #19) are DENIED.

2. The Clerk is directed to REFRAIN from filing any future discovery from Plaintiff.

3. Plaintiff's Motion to Amend the Complaint (docket entry #17) is DENIED.

Dated this 21st day of September, 2012.

_____
UNITED STATES MAGISTRATE JUDGE