# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DWAYNE E. JOHNSON,
ADC #152640                                                              PLAINTIFF

v.                         5:12-cv-131 DPM-JTR

ED ADAMS, Captain,
Brassell Detention Center                                                DEFENDANT

## ORDER

On 16 February 2012, Dwayne E. Johnson got into a fight with Herman Brown while both men were detainees at the Brassell Detention Center. As a result of the fight, Johnson suffered a knot above his left eye, a small laceration above his eyebrow that did not require stitches, scratches on the right side of his face, and a bloody nose. He was given antibiotics and reported feeling "fine." Johnson claims that Captain Ed Adams failed to prevent the fight or ensure that Johnson received adequate medical care for his injuries. Adams moves for summary judgment on both claims, which have been brought against him in his individual and official capacities.

1. Johnson's failure-to-protect claim against Adams in his individual capacity fails as a matter of law. Johnson has not offered any evidence to

support his allegations that Brown was taking psychiatric medications, that the medications or Brown's unspecified mental illness made him dangerous, or that there was a substantial risk that Brown might harm Johnson. Similarly, Johnson has not shown that Adams knew that Brown had mental problems, was taking psychiatric medications, or otherwise posed a substantial risk of harm. Instead, the evidence suggests that the fight between Johnson and Brown was a surprise. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046-1048 (8th Cir. 2010). Summary judgment is appropriate because Johnson has failed to establish either the objective or subjective element of his failure-to-protect claim. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007).

2. Johnson's inadequate-medical-care claim against Adams in his individual capacity also fails as a matter of law. Johnson has not demonstrated that medical providers were deliberately indifferent when treating his minor injuries. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997). Although Johnson says there was a several-hour delay in his receiving medical care, he has not shown that any delay

harmed him. *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006). Finally, and most importantly, it is undisputed that Adams was not personally involved in any way in Johnson's medical care or any delay in Johnson receiving that care. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Adams is thus entitled to summary judgment on this claim.

3.	Johnson's claim against Adams in his official capacity is actually a claim against Jefferson County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). Jefferson County cannot be held vicariously liable for Adams's alleged constitutional violations. *Monnell v. Dept. of Social Services.*, 436 U.S. 658, 694 (1978). The County can be held liable, though, if Adams had a custom or practice of improperly training his subordinates, and that lack of proper training caused the fight between Johnson and Brown. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Parrish*, 594 F.3d at 997.

Although he has had the opportunity to do so, Johnson has not provided any evidence to support a custom-or-practice claim. Additionally, a prisoner cannot maintain an official-capacity claim in the absence of any underlying constitutional violation. *Carpenter v. Gage*, 686 F.3d 644, 651 (8th

Cir. 2012); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 673 (8th Cir. 2007). Accordingly, Adams is also entitled to summary judgment on the official-capacity claim.

\* \* \*

Defendant's motion for summary judgment, *Document No. 36*, is granted, and this case dismissed with prejudice. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*DPMarshall J.*
D.P. Marshal Jr.
United State District Judge

13 March 2013